IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES ALLEN, #40510-037 | * | |
| | * | |
| v. | * | Civil Action No. CCB-09-3090 |
| | | Related Criminal Action No. FNS-02-376 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |

***

## MEMORANDUM

Pending is Charles Allen's pro se petition "for Extraordinary Relief Prohibition, Mandamus, Habeas Corpus, or any other Relief as Allowed by Law in Accordance with 28 U.S.C. 1651; 1655,"[1] challenging his conviction and sentence. The petition will be dismissed without prejudice.

I. Background

Allen pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On January 9, 2003, the court sentenced him to 180 months incarceration to be followed by supervised release for three years. *See United States v. Allen*, Criminal Action No. FNS 02-376 (D. Md).

II. Petitioner's Claims

Allen claims he is innocent of the crimes for which he was convicted. He also claims: the court lacked jurisdiction to convict and sentence him; he received ineffective assistance of counsel; his indictment was defective; and he was improperly sentenced as an Armed Career Criminal.

---

[1] The court will assume that Allen requests relief under the All Writs Act, codified at 28 U.S.C. § 1651. Allen's reference to 28 U.S.C. § 1655, a lien enforcement provision, is not relevant to his claims.


## III. Discussion

### A. All Writs Act

The United States Supreme Court stated in *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *See also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (limiting the All Writs Act to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available). Where, as here, a petitioner is collaterally attacking the validity of his conviction and sentence, the proper vehicle by which to assert this challenge is a 28 U.S.C. § 2255 motion. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status); *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts classify pro se pleadings from prisoners according to content). Petitioner's intention to rely on the residual authority of the All Writs Act is unnecessary and improper.

### B. Rule 60(b)

Allen also requests relief pursuant to Rule 60(b) (4), (5), and (6)[2] of the Federal Rules of Civil Procedure. Rule 60(b) does not substitute for collateral review of criminal judgments. *See*

---

[2] Fed. R. Civ. P. 60(b) provides in relevant part:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Winestock*, 340 F. 3d at 207 (distinguishing a successive § 2255 "motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion).

    C. Mandamus

Mandamus is a drastic remedy used only in extraordinary circumstances. *See Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Allen has other means to seek relief: a § 2255 motion.

IV. Conclusion

Allen's challenge to his conviction and sentence is properly raised by way of a motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255.[3] The instant motion will be dismissed without prejudice.

December 11, 2009                                                           /s/
Date                                                                      Catherine C. Blake
                                                                               United States District Judge

---

[3] A one-year period of limitations applies to § 2255 motions. If Allen intends to request relief under § 2255, he should explain why principles of equitable tolling apply or why this motion is otherwise timely.

3